**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| RUBEN T. LeBLANC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-4953-DDC |
| | ) | |
| MITCHELL COUNTY | ) | |
| DISTRICT COURT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Ruben T. LeBlanc, proceeding *pro se*, has filed the above-captioned case against thirteen defendants, including three municipal courts, one state district court, various municipal and state judges, city and district attorneys, and a municipal clerk. The court has granted plaintiff's motion for leave to proceed *in forma pauperis*, which subjects his complaint to screening. For the reasons stated below, the magistrate judge recommends the district judge dismiss this case without prejudice for failure to state a claim upon which relief may be granted.

When a plaintiff proceeds *in forma pauperis* the court may review the complaint under Title 28 of The United States Code, Section 1915(e)(2). That section authorizes the court to dismiss the case if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[1] The court uses the Rule 12(b)(6) motion to dismiss standard to determine whether dismissal under Section 1915(e)(2)(B)(ii) is appropriate.[2] The court liberally construes *pro se* parties' pleadings and will accept as true all well-pleaded facts,

---

[1] 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii).

[2] *Washington v. Washington*, No. 14-1215-EFM-KGG, 2014 WL 4059788, at *3 (D. Kan. Aug. 15, 2015).

drawing all reasonable inferences in the plaintiff's favor.[3] But plaintiff still bears the burden to allege sufficient facts upon which a recognized legal claim could be based, and the court cannot assume the responsibility of serving as plaintiff's attorney in constructing arguments or scouring the record for a possible cause of action.[4] The plaintiff "must allege sufficient facts to state a claim which is plausible—rather than merely conceivable—on its face."[5]

Plaintiff has used the form complaint this district commonly provides to *pro se* litigants. The form asks for a statement of the claim. It prompts the plaintiff to "[s]tate . . . a short and plain statement of the claim showing that plaintiff is entitled to relief."[6] It goes on to explain that plaintiff should "[s]tate what each defendant did that violated the right(s) of the plaintiff, including the dates and places of such conduct by the defendant(s)."[7] Under this section, plaintiff states that he was denied his basic constitutional rights.[8] He goes on to list certain constitutional amendments with certain defendants' names appearing next to the amendments. But plaintiff has failed to set forth any factual allegations whatsoever, much less any factual allegations that would support his contention that defendants violated his constitutional rights.[9] Because

---

[3] *Id.*

[4] *Yarbury v. Martin, Pringle, Oliver, Wallace, & Bauer LLP*, 2015 WL 5032510, at *2 (D. Kan. Aug. 11, 2015) (quoting *Mays v. Wyandotte Cnty. Sheriff's Dep't*, 419 F. App'x 794, 796 (10th Cir. 2011)) (internal quotations omitted).

[5] *Id.* (quoting *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007))).

[6] Compl. at 4, ECF No. 1.

[7] *Id.*

[8] Compl. at 4, ECF No. 1.

[9] *See, e.g., Hesson v. State of Kan.*, No. 15-2209-CM, 2015 WL 1886707, at *4 (D. Kan. Apr. 4, 2015) (adopting a magistrate judge's report and recommendation to dismiss a complaint as frivolous and for failure to state a claim because the *pro se* plaintiff had failed to provide any description of the facts supporting the claim).

plaintiff's complaint fails to allege sufficient facts upon which a recognized legal claim is based, the undersigned recommends that the district judge dismiss this case without prejudice for failure to state a claim upon which relief may be granted.

Pursuant to 28 U.S.C.§636(b)(1) and Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of a copy of this Report and Recommendation to file any written objections. A party must file any objections within the fourteen-day period if that party wants to have appellate review of the proposed findings of fact, conclusions of law, or recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

Dated this 9th day of November, 2015, at Topeka, Kansas.

s/ K. Gary Sebelius  
K. Gary Sebelius  
U.S. Magistrate Judge
