IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **RUBEN T. LEBLANC,**<br><br>                **Plaintiff,**<br><br>v.<br><br>**MITCHELL COUNTY DISTRICT COURT, et al.,**<br><br>                **Defendants.** | Case No.  15-CV-4953-DDC-KGS |

## MEMORANDUM AND ORDER

On October 23, 2015, pro so plaintiff Ruben T. LeBlanc filed a Civil Complaint (Doc. 1) against 13 defendants, including two municipal courts, two state district courts, various municipal court and state court judges, city and district attorneys, and a municipal clerk.  Doc. 1 at 2–5, 9.  He alleges defendants denied him his "basic constitutional rights" (Doc. 1 at 4), but his Complaint fails to include any factual allegations supporting that claim.  On November 9, 2015, Magistrate Judge K. Gary Sebelius issued a Report and Recommendation (Doc. 9) recommending dismissal of this action without prejudice for failing to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).  Doc. 9 at 2–3.  Judge Sebelius noted in his Report and Recommendation that plaintiff could serve and file specific written objections to his Report and Recommendation under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, within 14 days after service.  *Id.* at 3.

On November 24, 2015, plaintiff filed a "Motion for Continu[a]nce of Time."  Doc. 11.  The Court construed plaintiff's filing as a motion seeking an extension of time to file objections to Judge Sebelius' Report and Recommendation and granted plaintiff until December 14, 2015, to file his written objections.  *See* Doc. 12.  On December 3, 2015, plaintiff filed an "Amended

1

Writ of Prohibition and Oral Ar[gu]ment." Doc. 13.  In that document, plaintiff states that he "issues this Amended Writ of Prohibition, to correct certain mistakes by both the US District Court and [himself]." *Id.* at 2.  Plaintiff asserts that his action is not a claim but instead a "call to action to stop the Lower Courts from violating Petitioner['s] Civil Rights." *Id.* at 2.  He asks this Court for an "Immediate Ruling to stop the Lower Courts from taking any further action, mainly because they have repeatedly failed to Prove Jurisdiction and are acting outside of the Jurisdiction that was Demanded by the Petitioner . . . ." *Id.* at 3.  Plaintiff goes on to provide allegations that show, he claims, that defendants have violated his constitutional rights including unlawful stops, unlawful arrest, illegal search and seizure of his property, excessive bail, violation of his right to contract, and violation of his right to a fair and impartial trial. *Id.* at 5–12.  He also describes various cases pending in Beloit, Kansas Municipal Court, Mitchell County, Kansas District Court, Salina, Kansas Municipal Court, and Republic County, Kansas District Court and asks "this Court to step in and take control of the different cases, due to the numerous Violations by the Lower Courts." *Id.* at 11.

### *Legal Standard*

Fed. R. Civ. P. 72(b)(2) provides that, when a magistrate judge enters a recommended disposition on a dispositive matter, a party may serve and file specific, written objections to the magistrate judge's order within 14 days after being served with a copy of the recommended disposition.  Then, under Fed. R. Civ. P. 72(b)(3), the district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").  After making this determination, the district court "may accept,

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . [or] may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

The Tenth Circuit requires that objections to a magistrate judge's recommended disposition "be both timely and specific to preserve an issue for de novo review by the district court . . . ." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996). As stated above, an objection is timely if made within 14 days after service of a copy of the recommended disposition. Fed. R. Civ. P. 72(b)(2). An objection is sufficiently specific if it "focus[es] the district court's attention on the factual and legal issues that are truly in dispute." *One Parcel of Real Property*, 73 F.3d at 1060. If a party fails to make a proper objection, the court has considerable discretion to review the recommendation under any standard that it finds appropriate. *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citations omitted).

Because plaintiff brings this lawsuit pro se, the Court construes his pleadings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of plaintiff's advocate. *Id.* Also, plaintiff's pro se status does not excuse him from "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* Nor is plaintiff relieved from complying with the rules of the court or facing the consequences of noncompliance. *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

*Analysis*

Here, plaintiff has not filed a specific objection to Judge Sebelius' Report and Recommendation. But he has filed an "Amended Writ of Prohibition and Oral Argument"

3

stating that his action is "not a Claim at all" but instead a "call to action to stop the Lower Courts from violating Petitioner['s] Civil Rights." Doc. 13 at 2. He also seeks a "Writ of Prohibition" asking this Court to stop various state and municipal courts from taking action in certain pending cases because, as he contends, they are acting outside their jurisdiction.

Liberally construing plaintiff's "Amended Writ of Prohibition and Oral Argument" as an objection to Judge Sebelius' proposed findings and recommendation, the Court concludes that it is not sufficiently specific to qualify as a proper objection to the Report and Recommendation. Plaintiff fails to include any specific objection to Judge Sebelius' conclusion that plaintiff's Complaint fails to allege sufficient facts to present a claim for violating his constitutional rights. Doc. 9 at 2. Plaintiff also concedes that he is not asserting a claim in this case (Doc. 13 at 2) but, instead, seeking a Writ of Prohibition. Plaintiff therefore provides no "specific" objections that enable the Court to focus on the factual and legal issues in dispute, as the Tenth Circuit has instructed. *See One Parcel of Real Property*, 73 F.3d at 1060. Consequently, plaintiff has waived review by this Court of the legal and factual issues addressed in the Report and Recommendation. *Id.*

Nevertheless, and putting the shortcomings of plaintiff's response aside, the Court has conducted a de novo review and agrees with the conclusion reached by Judge Sebelius in the Report and Recommendation. Under 28 U.S.C. § 1915(e)(2), the Court must consider the merits of all cases in which a plaintiff proceeds *in forma pauperis*, and must dismiss any action that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). After de novo review, the Court agrees with Judge Sebelius' conclusion that plaintiff's Complaint fails to state a claim. Indeed, plaintiff concedes that he is not asserting a claim in this action (Doc. 13 at

4

2).  Instead, plaintiff states that the purpose of his lawsuit is to obtain a writ of prohibition against certain state and municipal courts.  *Id.*

A writ of prohibition "is a drastic and extraordinary remedy."  *Univ. of Tex. at Austin v. Vratil*, 96 F.3d 1337, 1339 (10th Cir. 1996) (citation and internal quotation marks omitted).  A court should grant a writ of prohibition only when:  (1) the petitioner shows a clear and indisputable right to the writ; and (2) the actions of a court were a clear abuse of discretion.  *Id.* (citation and internal quotation marks omitted).  The Tenth Circuit has instructed courts to examine five factors when determining whether to grant a writ:  (1) the party seeking the writ must have no other adequate means to secure the relief desired; (2) the petitioning party will be damaged or prejudiced in a way not correctable on appeal; (3) the district court's order constitutes an abuse of discretion; (4) the district court's order represents an often-repeated error and manifests a persistent disregard of the federal rules; and (5) the district court's order raises new and important problems or issues of law of first impression.  *Id.* (citing *Pacificare of Okla., Inc. v. Burrage*, 59 F.3d 151, 153 (10th Cir. 1995)).  The Circuit states, however, that none of these five factors is conclusive to the determination whether the grant the writ.  *Id.*

Plaintiff does not allege facts establishing a clear and indisputable right to the drastic and extraordinary remedy of a writ of prohibition or that a court clearly abused its discretion.  In reaching this conclusion, the Court has reviewed plaintiff's Complaint (Doc. 1), Petition for Stay (Doc. 5), Motion for Writ (Doc. 6), Motion to Consolidate (Doc. 7), and Amended Motion for Writ (Doc. 13).  In those filings, plaintiff complains that various state and municipal courts have acted outside their jurisdiction in adjudicating cases against plaintiff for traffic violations.  The Court cannot conclude, however, based on the asserted facts, that the state and municipal courts have abused their discretion.  The district courts in Kansas have jurisdiction over criminal cases

involving violations of the Kansas statutes, and municipal courts in Kansas have jurisdiction over cases involving violations of city ordinances. *See*, *e.g.*, K.S.A. § 22-2601 (explaining that state district courts have jurisdiction over criminal cases arising under the Kansas statutes); K.S.A. § 12-4104(a) (explaining that municipal courts have jurisdiction over cases involving violations of city ordinances). Plaintiff does not allege that prosecutors in the various state and municipal courts charged him with traffic violations that exceeded the scope of the Kansas statutes or city ordinances. Plaintiff also fails to allege facts to demonstrate any of the five factors listed above that would entitle him to a writ of prohibition. Thus, the Court denies plaintiff's request for a writ of prohibition.

Because the Court, after conducting a de novo review, agrees with Judge Sebelius' conclusion that plaintiff's Complaint fails to state a claim, the Court accepts the November 9, 2015 Report and Recommendation, adopts it as its own, and dismisses plaintiff's action without prejudice. The Court's dismissal "without prejudice" means that plaintiff is not precluded from refiling his claims, to the extent he seeks to assert claims for constitutional violations by defendants that he references in his Amended Writ of Prohibition (Doc. 13).[1] Plaintiff may assert those claims by submitting a proper Complaint as a new case, but the Court cautions plaintiff that, if he does so, he must plead viable claims under Fed. R. Civ. P. 8(a). Fed. R. Civ. P. 8(a)(2) requires a complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Although this Rule "does not require 'detailed factual allegations,'" it demands more than "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" which, as the Supreme Court

---

[1] The Court concludes that plaintiff does not seek to assert these claims in this case because plaintiff clearly states that this action "is not a claim" and "a claim is not the purpose" of his lawsuit. Doc. 13 at 2. Instead, plaintiff seeks a writ of prohibition. *Id.* For the reasons explained above, the Court denies plaintiff's request for a writ of prohibition.

explained, simply "'will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's "Amended Writ of Prohibition and Oral Argument," to the extent it is an objection to the Report and Recommendation of Magistrate Judge Sebelius (Doc. 9), is overruled, Judge Sebelius' Report and Recommendation (Doc. 9) is adopted in its entirety, and this action is dismissed without prejudice.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion for Writ of Prohibition and Oral Argument (Doc. 6) and Amended Motion for Writ and Motion for Oral Argument (Doc. 13) are denied.

**IT IS FURTHER ORDERED THAT** plaintiff's Petition for Stay (Doc. 5) and Motion to Consolidate (Doc. 7) are denied as moot.

**IT IS SO ORDERED.**

Dated this 22nd day of December, 2015, at Topeka, Kansas.

          **s/ Daniel D. Crabtree**
          **Daniel D. Crabtree**
          **United States District Judge**